Johanna Conners et al. *v.* Yazoo & Mississippi Valley
Railroad Company.

Railroads.  *Occupation of street.  Abutting owner.  Deed.  Construction.*

> A deed from an abutting owner, granting a right of way to a
> railroad company along a street, with a proviso that the same
> should not authorize the unlawful operation of the railroad
> over the street, is no defense to a suit by the grantor for dam-
> ages against the grantee for filling in of the street above the
> established grade, so as to impede ingress to and egress from
> the grantor's lots.

From the circuit court of Warren county.

Hon. George Anderson, Judge.

Mrs. Conners and others, the appellants, were plaintiffs, and
the railroad company, the appellee, was defendant in the court
below.   From a judgment in defendant's favor the plaintiffs
appealed to the supreme court.

One Mrs. Rigby owned some lots in Vicksurg fronting on
Levee street, and on January 9, 1890, executed the following
deed to the Louisville, New Orleans & Texas Railway Com-
pany, under which company defendant now claims: "In con-
sideration of $1,500, I release, remise, and quitclaim to the
Louisville, New Orleans & Texas Railway Comany, the right
of way for the purpose of operating its railroad, to the extent
of not more than two tracks, along Levee street in front of the
property owned by me [here describing the property], the pur-
pose being to give such right of way in front of all property I
own fronting on said street; and in consideration aforesaid, I
release, and receipt for in full, all damages heretofore done, or
which may hereafter be done, in the operation of said railroad
over and along said street.   This release, however, not to extend
to nor permit the unlawful operation of said railroad over
said street in the running of cars, or otherwise."   Plaintiffs

claim the lots under Mrs. Rigby. The appellee had filled in the street in front of this property, and raised it several feet above the established grade, so as to obstruct ingress to and egress from plaintiffs' lots.

*Brunini & Hirsh,* for appellants.

In our judgment a single question is presented to this court for its decision, and it involves the construction of the deed from Rigby to the railroad. Did that instrument grant the railroad the right to change the grade or surface of Levee street as it then stood in front of appellants' property? The lower court held the affirmative of the proposition, and, we contend, erroneously.

At the date of the execution of the deed to the railroad by Rigby the railroad had already tracks upon Levee street in front of appellants' property, and was operating a line of railway upon the same.

Mrs. Rigby was entitled at that time, under the decision in *Theobold* v. *Railroad,* 66 Miss., 279, to damages from the railroad company for constructing and operating a steam railroad on Levee street in front of her property. It is evident, therefore, that the parties to the instrument had in mind, when the same was executed, the damage already sustained by subjecting the street to this additional servitude, and the damage which would accrue from the operation, not the construction or operation of the railroad. The only future damage which was before them was that which would be occasioned by the operation of the railroad. Undoubtedly the deed was executed with reference to the grade or surface of the street, as it then stood. This is obvious to our minds from the following facts: (*a*) The tracks were already upon the street; (*b*) the right to change or alter the grade or surface of the street was not granted in express words in the deed; (*c*) the right of way granted was not intended to destroy the use of the street for street purposes or to abutting property.

The instrument is clear and unambiguous. It grants to the railroad "the right of way for the purpose of operating its railroad to the extent of not more than two tracks along Levee street, . . . the purpose being to give such right of way in front of all property I own fronting on said street, . . . and I release, and receipt for in full, all damages heretofore done, or which may hereafter be done, in the operation of said railroad over and along said street. This release, however, does not extend to nor permit the unlawful operation of said railroad in the running of cars, or otherwise."

We refer the court to Elliott on Roads and Streets (2d ed.), sec. 734, which, while referring to street railways, which are not held to be additional servitudes, announces a healthful and forceful principle in regard to railroads interfering with the conditions of streets for the purpose of accommodating themselves, and not as a part of the system for the improvement of the streets.

*Mayes & Longstreet,* for appellee.

If there had been no Rigby deed, the action of the court below would still have been correct.

The charter of the city of Vicksburg will be found in Acts 1884, p. 422, and art. 15 gives to the municipality the authority "to establish all necessary regulations for the protection of sidewalks, gutters, and streets from injury by improper use, and from being in any wise impeded to the public use;" and art. 25 authorizes the city "to cause or procure any street or alley in said city to be paved or turnpiked or graveled at the cost and expense of the lots fronting the same, to be apportioned," etc.; and art. 26 authorizes the city "to close or vacate streets when they deem it proper, and to lay out, establish, alter, extend, and control the grade of all streets, highways, roads, and alleys within the limits of the corporation," etc.

There was, therefore, in the city itself ample authority to

do the thing which is complained of in this instance, and in such case the plaintiffs have no cause of action against the city, it not being shown in this record that their improvements were ever made based upon any grade of the street established by any order of the board.   27 Am. & Eng. Ency. Law, p. 122.

If the city had the right to raise the grade of this street for the public convenience, free from any liability to the plaintiffs, it would seem clear that the railroad company, dressing the street in order to put it in proper condition so that it could be used by the public, in response to rows (as the witnesses put it) made by the municipal authorities about the condition of the street, would not be responsible in damages, because it was not doing a thing which as to the plaintiffs was unlawful.

The case in its essential features is like that of *Fries* v. *New York, etc., R. R. Co.,* 24 Am. & Eng. Railroad Cas., 316, 319 (62 N. E. Rep., 358); *Gulf Coast Co.* v. *Bowers,* 80 Miss., 570, 583.

Counsel contend that the release of damages in this case is to be strictly limited to those damages caused by the propelling backwards and forwards of the engines and cars on the tracks laid.   This is too narrow a construction, and violates the principle quoted.   The word "operate," used in this connection, means more than the mere propulsion and moving of engines and cars.   This Mrs. Rigby, when she executed this deed, got fifteen hundred dollars for it, as the deed shows on its face, and it is incredible, and it is an unreasonable interpretation of the deed, that the railroad company meant to take only, and that she meant to exclude them from any other right, the privilege of moving their cars backwards and forwards.   How could the cars be properly or safely moved unless the track was kept in proper condition and repair?

The court will observe that this is not an instance, as is shown by the plaintiff's own evidence, in which at once and by a definite alteration of the grade of a railroad track, the condition of the track was suddenly and materially changed so as

to elevate the same two and a half feet. The proof shows that the elevation that came about was gradual, caused by the repairs of the track and the right of way and the surface of the street so as to prevent the track from blocking the street and making it inaccessible from side to side.

No reasonable construction of the word "operate" would exclude the railway company from such dressing of its tracks as the wear and tear and the results of weather made necessary, or from such dressing of the adjacent streets on their surface, especially if not opposed, or if called for by the authorities of the municipality, as would prevent those tracks from constituting a nuisance, and make the street usable by the general public.

This court itself, in an important case, where the construction of the word "operate" would be a strict construction, because it was in limitation of the taxing power, has held that section houses and other improvements of the company were used in "operating" the railroad, and it there held that a certain two-acre lot, whether the turntable and other improvements of the company were on it or not, was so connected "with the operation of the road as to exempt it from state and county taxes." *V. & M. R. R. Co.* v. *Bradley,* 66 Miss., 518. See, also, *Texas, etc., Ry. Co.* v. *Webb,* 72 S. W. Rep., 1044, 1046; *Mo. Pac. R. R. Co.* v. *Merrill,* 40 Kan., 404; *Mo. Pac. Ry. Co.* v. *Cady,* 44 Kan., 633; *Daly* v. *Boston, etc., Ry.,* 147 Mass., 101; *Central Trust Co.* v. *Condon,* 87 Fed. Rep., 92.

WHITFIELD, C. J., delivered the opinion of the court.

We think the true construction of the Rigby deed is that it is simply a release of all damages caused by the operation of the railroad along the right of way. The damage here complained of resulted from the unlawful elevation of the street and the track in front of plaintiffs' lots. The express language in the release provides: "This release, however, not to extend to nor permit the unlawful operation of said railroad over said street in the running of cars, or otherwise." This does not provide

against damages caused by an unlawful elevation of the street above the established grade so as to seriously interfere with ingress to and egress from the lots of plaintiffs. Even if the words "operation of said railroad" had the broad meaning contended for by appellee, the result would be the same here, since the release excepts any unlawful operation of said railroad. We think the evidence clearly shows that the plaintiffs were damaged.

*Reversed and remanded.*