YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY v. TOBIAS
T. SMITH, EXECUTOR, ETC.

[43 South., 611.]

RAILROADS. *Deed to right of way. Release of damages. Construction. Surface water. Change of grade.*

A deed conveying to a railroad company for a right of way land in a street upon which it had already constructed and was operating tracks, reciting that the grantors "released the company from any and all damages, whether past, present or future, for the construction and operation of the tracks," does not release the company from damages resulting from a flow of surface water caused by the railroad company elevating the grade of the street and of its tracks.

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

Smith, executor, etc., of the last will of Mary Comerford, deceased, the appellee, was plaintiff in the court below; the railroad company, the appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

The suit was for damages to the land of decedent caused by defendant raising the grade of the street in front thereof, on which grade defendant's tracks were constructed and operated.

The first count of the declaration was predicated of the raising of the grade of the street above the established grade fixed by the city and above the property of the plaintiff; and the second charged that in the maintenance of its tracks the defendant carelessly and negligently permitted the drains and sewers to become clogged, thereby preventing the drainage of surface water from decedent's property. The defendant pleaded the general issue, and on the trial offered in evidence a deed from Mary Comerford, plaintiff's testator, conveying

to it a right of way in front of her property and releasing it
"from any and all damages, whether past, present, or future,
for the construction and operation of its tracks along said
street in front of said property." Plaintiff objected to the in-
troduction of this deed. The court sustained the objection,
and, after all the evidence was taken, instructed the jury that,
if they believed from the evidence the defendant raised the
grade level of the street in front of plaintiff's property and
thereby damaged it, they must find for plaintiff and assess such
damages as had been caused by the raising of the street. Ap-
pellant contended that the deed released it from all damages
for the construction as well as the operation of the tracks
and that the raising of the grade of the street being construc-
tion work, was permitted, and, since the declaration did not
charge negligence in the raising of the grade of the street, the
deed should have been admitted in evidence. The appellee
contended that since, at the time of the execution of the deed,
the road was already constructed and in operation, the deed
was immaterial to the issue, unless it gave the railroad com-
pany the right to raise the grade of the street; that it was the
raising of the grade of the street which caused the damage;
that the city itself had no right to raise the grade to the dam-
age of appellee's property; and the railroad company had no
higher right or authority than the city.

The deed was as follows:—

For and in consideration of the sum of seven hundred and
fifty dollars and thirty-seven cents to me in hand paid, the re-
ceipt of which is hereby acknowledged, I, Mary Comerford of
Vicksburg, Mississippi, do bargain, sell and convey unto the
Yazoo & Mississippi Valley Railroad Company, a corporation
under the laws of the state of Mississippi, and to its succes-
sors and assigns a right of way for a single or a double track,
along Levee street in the city of Vicksburg, county of War-
ren and state of Mississippi, in front of any property owned

by me in square 64, original plat of the city of Vicksburg, and for the consideration aforesaid_ *I do hereby release the said Yazoo & Mississippi Valley Railroad Company, its successors and assigns and also the Louisville, New Orleans & Texas Railway Company from any and all damages, whether past, present or future, for the construction and operation of its tracks along said street in front of said property.*

Witness my signature this 7th of November, 1893.

[Signed]                MARY COMERFORD.        [Seal.]

*C. N. Burch,* and *Mayes & Longstreet,* for appellant.

The best rule with respect to the grant of right of way and to the release of all damages, past, present and prospective, which may occur from the construction and operation of railroad tracks, seems to be that by such a grant of right of way and such a release the landowner is cut off from all damages, except those which may result from a negligent operation and construction.

In other words, if any construction or work in operation is not shown to have been unnecessary and negligent, even if necessary, the plaintiff cannot recover. A release covers and precludes claims and suits on account of any work which was necessary and proper, and which was non-negligent.

The court will find in the case of *Fremont & Missouri, etc., R. R. Co.* v. *Harlin,* 36 L. R. A., a very full consideration of the principle which controls in such cases, with a collocation and examination of many of the leading cases in point. In this case the proposition is clearly asserted that a release of all prospective damages to result from the construction and operation of the road precludes the landowner and his grantees from any claim of damages from anything done in operation and construction, unless it is distinctly averred and shown by the evidence to have arisen from a negligent construction or a negligent use.

There is no presumption of negligence in a case like this.

It makes no difference that changes of grade and elevations may be averred. It is essential that the change and elevation shall be expressly averred to have been negligently done, and that the proof offered should sustain the allegation.

Mrs. Mary Comerford's deed, granting as it did a right of way for tracks, and releasing, in words as strong and plain as they may be made all damages, past, present and future, on account of the construction and operation of the track or tracks, should be held to have been executed by her with full knowledge, and in full view of, all the exigencies of proper railroad construction and operation.

After the grant of a right of way on a street, and the waiver of all damages which are expressly made to apply to all prospective damages and when this is done for valuable consideration, the grantor and those claiming under her, should be held to be precluded from a claim for damages on every slight change or alteration in the track or roadbed.

Mrs. Comerford's deed should have been admitted in evidence, and, on it and the other proof as shown by the bill of exceptions, the peremptory instruction should have been granted to the defendant company on the first count in the case.

*Bryson & Dabney,* for appellee.

We think this case is controlled by the *Connors case* reported in 86 Miss., 356, 38 So. Rep., 320.

The deed in that case provided as follows: "I hereby release and receipt for in full all damages heretofore done or which may hereafter be done in the operation of said railroad over and along said street. This release, however, not to extend to, nor permit the unlawful operation of the said railroad over said street in the running of cars, or otherwise."

It will be observed that the deed in the case at bar releases damages for construction as well as operation and because of the addition above it was contended below that it was ad-

missible, that the raising of the grade being construction work was permitted by the Comerford deed and to that extent was more potent than the Connors deed which contained no such provision.

It will be observed furthermore that the deed in the *Connors case* expressly excepted by its terms "the unlawful operation" of the railroad, whereas in the Comerford deed no such exception is found.

Counsel below contended that while this court has construed the Connors deed and held that it did not grant any right to raise the grade of the street, that the Comerford deed by reason of the release from damages for construction authorized the raising of the grade of the street.

Our view of the law is that it makes no difference whatever whether the raising of the grade of Levee street was negligently done or not, whatever damage was sustained by the plaintiff below was caused solely by the fact of raising the grade and not by the fact that it was done negligently. It was the elevation of the street that made ingress and egress to plaintiff's property difficult and caused damage, and not the fact of negligence in the work of elevating the same. It was the pile of earth in front of plaintiff's property that caused the damage, not negligence in the act of piling it. It might have been piled ever so carefully and skilfully and have shut off ingress and egress just as effectively and have ponded the water upon plaintiff's property just as deep.

Any change of grade was unlawful. The city could not lawfully change the grade of the street, and certainly the railroad could have no higher right or authority over the street. This was the holding in the case of *Lefoldt* v. *Yazoo, etc., R. Co.,* 87 Miss., 317, s.c., 39 So. Rep., 459, a case involving almost identical facts to the case at bar.

The raising of the grade of the street in front of plaintiff's property was in the nature of a change of the plan of con-

struction of the railroad and warranted a new assessment of damages.

So far as we have been able to find all of the authorities hold that where there has been a change in the plan of the work after the assessment of damages a new assessment may be had, provided additional damage resulted from such change.

Mr. Mills in his work on Eminent Domain, sec. 219, states the rule as follows:—

"When damages have been assessed according to a certain plan, which would cause certain damages, it would be inequitable to allow the adoption of a new plan, more injurious to the owner, without providing for a new assessment. If the company build in a different manner from the plan proposed, and according to which damages have been assessed, they may be restrained from construction until the additional damages are assessed. . . .

"When the damages have been settled by agreement and afterward there is a change of plan, involving more damages, the owner may demand an assessment under the statute, and the same rule would apply if damages were assessed by regular proceedings. There may also be a recovery on the case or on the implied undertaking to construct according to the plan."

To the same effect is Sutherland on Damages (3d ed.), sec. 1090, as follows:—

"It is conclusively presumed after judgment that it embraced all damages and benefits of every kind naturally consequent to the taking; in judgment of law all such were foreseen and compensated for or allowed, and no others. But this does not preclude a fresh demand if the plan of the public work is changed after the assessment so as to make the effect of the appropriation more injurious, or if the property taken is applied to a different use."

The case of *Wabash R. Co.* v. *McDougal,* 126 Ill., 111, is exactly in point. *McCormack* v. *Kansas City R. R. Co.,* 57 Mo., 433; *Fremont, etc., R. Co.* v. *Harlin,* 36 L. R. A., 417;

*Davis* v. *Yazoo, etc., R. R. Co.,* 73 Miss., 678, s.c., 19 South., 487; *Kansas City, etc., R. R. Co.* v. *Smith,* 72 Miss., 677, s.c., 17 South., 78; *Kansas City, etc., R. R. Co.* v. *Lackey,* 72 Miss., 881, s.c., 16 South., 909; *Railroad Co.* v. *Wilbourn,* 74 Miss., 284, s.c., 21 South., 1.

CALHOON, J., delivered the opinion of the court.

The case was proceeded with without regard to the technical structure of the declaration. There is an agreed bill of exceptions showing that appellee's testator, after the construction of the road, had conveyed to appellant a right of way along Levee street in front· of the property, which conveyance concludes in these words: "I do hereby release the said [the railroad company] from any and all damages, whether past, present, or future, for the construction and operation of its tracks along said street in front of said property." This conveyance the court refused to admit in evidence, and this refusal is the whole case, because it is admitted that the railroad company raised the grade of the whole street about three feet above that at the date of the deed, and that this raise in the grade of Levee street in the city of Vicksburg caused the damage. The deed releases all damages arising out of the "construction and operation of its tracks." At that date the road had been constructed and was in operation, and the contract cannot be interpreted to mean, in the use of the word "future," that grades of the street might be elevated, so as to flood the property, without complaint. This would be an unreasonable construction.

*Affirmed.*

MAYES, J., delivered the following dissenting opinion.

I am unable to concur in the conclusion reached by the majority of the court in the affirmance of this case, and think it should be reversed. There is a very marked difference between the rights which one may get in property by virtue of

eminent domain proceedings and the rights which he may acquire by express contract. The cases cited by counsel for appellee, announcing the circumstances under which a railroad company may become liable to the owner of land taken by virtue of eminent domain proceedings for damage additional to that which was allowed in the original taking of the land, have no analogy to the case presented for decision by this court. Where land is taken by virtue of eminent domain proceedings, there is a residuum of right left in the owner, to be called into play under certain circumstances where damage has been occasioned in a manner not contemplated in the allowance of damage in the original proceeding. This may also be true in cases of the acquisition of land by virtue of private contract. But there is no case which holds that every right which an owner may have in respect to the use which is to be made of the land and damage occasioned thereby may not be contracted away. In this case the owner by the express contract "releases the Yazoo & Mississippi Valley Railroad Company, its successors and assigns, and also the Louisville, New Orleans & Texas Railway Company, from any and all damage, whether past, present, or future, for the construction and operation of its tracks along said street in front of said property," and this release is made for and in consideration of the sum of $745.37 in hand paid to the grantor of the deed. The agreed facts in this case show merely that the appellants raised and elevated the grade of Levee street in front of the property described, to the height of something like three feet from the grade of the street as it was established when the deed was made to the railroad company. The agreed facts further show merely that the elevation as established by the railroad company is in excess of the grade of the street. This is all the testimony in the case, except that it is further shown by agreement that by virtue of this elevation the water was held and dammed up, thereby occasioning damage to the property. Appellees offer in evidence a deed from their grantor which contained the re-

lease above specified, and, on its being objected to, the court sustained the objection and declined to let the deed be read in evidence.

This being all the evidence before the court, a peremptory instruction was given to find for plaintiff and assess such damage as would be directed to be assessed by other instructions. The second instruction tells the jury that "private property cannot be damaged for public use, or *quasi*-public use, except on due compensation being made to the owner or owners thereof; and if the jury believe from the evidence in the case that defendant raised the grade on Levee street in front of plaintiff's property they shall assess damage," etc. The third instruction tells the jury to find for the plaintiff and to assess damage for the raising of the grade of Levee street in front of the property, etc. Thus it is seen, notwithstanding this contract releasing the railroad company, from all liability for any and all damage, whether past, present, or future, in the construction and operation of its tracks along said street in front of said property, liability is made to depend upon the sole fact that the grade of the street had been raised. Liability is not made to depend upon whether or not the raising of the grade of this street was negligently done in any way; but the jury are told peremptorily to find for the plaintiff if they believe from the evidence that the appellants raised the grade of Levee street. The very thing for which the appellees had received the consideration of this deed was to give the appellants the right to construct and operate its tracks along the street. This right is what the appellants bought and paid for, and they paid to be released from any and all damage accruing to the owner by the exercise of this right. Of course, even under this contract, appellants could not, by negligence in the construction of their road, injure appellees without being liable for damage; but there is no hint in this record that the injury occasioned the appellants was by virtue of any negligence on the part of the railroad, unless it can be affirmed that the mere fact that ex-

ercising the right which they had paid for, and which may have involved the necessity of raising this grade, in itself constituted negligence.    I do not think it does *per se,* and this the opinion of the majority so declares.    It is true that the railroad company may not have had the right to raise the grade of the street in so far as the rights of the city were involved, even though they could not have made the right obtained. from appellee by virtue of their contract otherwise useful to them; but this would be a question between the city and the railroad company.    Because it would be unlawful for the railroad company to raise the grade of the street in so far as the city was concerned, it does not follow that adjacent property owners may not release the railroad company from private damage occasioned by this unlawful act in so far as individual rights are affected.    It may also be true that the city itself could not raise the grade of this street, without being liable to appellee for any damage occasioned by virtue of the raising of the grade of the street; but it does not follow, even though the city should be liable, that appellee might not contract away whatever right he might have to claim damage on account thereof.

In the case of *Y. & M. V. R. R. Co.* v. *Lefoldt,* 87 Miss., 317, 39 South., 459, there is no such question involved as is in the case we are now discussing.    In the case referred to *supra* there was no contract involved whereby the railroad company had been released, for a valuable consideration, from any and all damage, as is the case here.    In that case Lefoldt sued the Yazoo & Mississippi Valley Railroad Company for damages to his property caused by raising the grade of the street in front of him.    The facts showed that the railway company raised the street several feet, and that by this act Lefoldt's property was damaged.    The facts further showed that there was a grade of the street established, and the street paved with rock by the city of Vicksburg, and that this was raised by the railroad company by a deposit of gravel, and that it was not necessary to raise the grade in order to keep the roadbed

in repair.   In defense the railway company offered to prove
that under an ordinance of the city of Vicksburg it was re-
quired of the company that it gravel this street and keep it
graveled, and it was further required that the railroad com-
pany keep the rails of its track flush on a level with the street;
that from time to time the mayor and board of aldermen would
notify the defendant company to put gravel on the street, and
in pursuance of this notice the company have several times
each year spread gravel on the street; and that the effect of this
had been to raise the street, and in order to keep the track
level or flush with the street they raised their track to corre-
spond with this raised grade.   his proof was objected to,
objection sustained, and the defendant excepted; and this
court, through Justice CALHOUN, said:   "It is not easy to find
in this an authority to raise the street or change the grade.
But we think the result should be the same if it did.   The
city must have the power before it can transfer it to appellant,
and it did not have the power to do damage to appellee, with-
out previous compensation."   *Non constat* the court would
not have decided this case this way, and held the company
liable for damage at the suit of Lefoldt, if Lefoldt had for a
valuable consideration made a contract with the railway com-
panies releasing them from any and all damage in the construc-
tion and operation of its tracks along this street; it not being
shown that the railway company was guilty of any negligence
in so doing.

The case of *Conners* v. *Y. & M. V. R. R. Co.,* 86 Miss., 356,
38 South., 320, is easily distinguished from the case we are now
discussing, in that the contract between the parties was very
different.   In the *Conners case,* where the deed is very much
the same as the deed here, in which a release is executed for all
damage done, or which may hereafter be done, in the operation
of the railroad over and along the street, we also find the fol-
lowing provision in the contract, viz.:   "This release, how-
ever, not to extend to nor permit the unlawful operation of

said railroad over said street, in the running of cars or otherwise." The facts in the *Conners case* show that the railway company filled in the street in front of the property, raising it several feet above the established grade, thereby preventing ingress to and egress from plaintiff's lots; and the court said, through Chief Justice WHITFIELD: "We think the construction of the Ripley deed is that it is simply a release of all damage caused by the operation of the railroad along the right of way." The damage here complained of resulted from the unlawful elevation of the street and the track in front of plaintiff's lots. The express language in the release provides that "this release, however, not to extend to nor permit the unlawful operation of said railroad over said street, in the running of cars or otherwise." In the two cases cited above, though the language of the court seems to make the liability of the railway company depend upon the mere fact that the grade of the street was raised, yet the language of the court must be interpreted in the light of the facts presented by each of the two cases above decided. In the one case—that is to say, in the *Lefoldt case*—there was no contract at all releasing the railway company from liability, and, of course, it was liable for any damage caused by an unlawful act. The mere raising of the street and the consequent damage to the property being an unlawful act, and the parties having no contractual relation, the company was held liable, because in the original assessment of damages no damage was allowed on the idea that any unlawful act would be done. In the *Conners case,* though there was a contract, by express stipulation in the deed it was expressly said that "this release does not extend to nor permit the unlawful operation of said railroad over said street, in the running of cars or otherwise." The raising of the street several feet being declared by the court to be an unlawful act, and the contract itself expressly stipulating that the railroad company should be liable for any unlawful act, it necessarily followed, and the court held, that the railway company was liable. In this

case there is no reservation; but in so far as the appellees have any right at all, save for negligence on the part of the company, they have expressly released the railroad company from any and all damage in the construction and operation of its tracks along this street in front of this property, and the evidence failing to show that the appellant has done anything but raise the grade of the street, and not showing any negligence in any way, it is my view that this case should be reversed. I think the exclusion of the deed was error, and that each and every instruction granted for plaintiff was erroneous.

There is no question presented here of the taking or damaging of private property for public use, save by the express contract of the parties.