L & A CONTRACTING COMPANY *v.* HUBE et al.

No. 41926          October 2, 1961          133 So. 2d 394

*Dudley W. Conner*, Hattiesburg, for appellant.

*Deavours & Hilbun,* Laurel, for appellees.

ETHRIDGE, J.

Appellees, Mr. and Mrs. F. H. Hube, brought this action in the Chancery Court of Jones County against L & A Contracting Company, for damages to their land and timber and for an injunction. The trial court denied the injunction and rendered a decree of $2,643.44 for actual damages and the statutory penalty. Miss. Code 1942, Rec., Sec. 1075. The issues pertain to the effect of a release incorporated in a right of way deed to the

State Highway Commission; and the court's rulings on evidence as to defendant's good faith, apportionment of damages, and a view of the premises. We affirm the decree. The facts are stated as the chancery court found them favorably to appellees.

In 1956 the Hubes purchased 120 acres of land consisting of three quarter sections adjoining and lying in an east-west direction. Shortly thereafter they placed posted signs around the boundaries of the land. In 1958 the State Highway Commission purchased a right of way running north and south across parts of the east and middle forties, and a drainage easement for straightening a small creek which crossed the highway. L & A was the prime contractor with the Commission for the construction. It subcontracted most of the work to others but retained the construction of a culvert in the creek.

From early June until July 10, 1958, L & A and certain subcontractors made continuous use of the Hubes' land to cross from a public road which ran north and south on the east side of the property. Off of this road running in a northwesterly direction over the Hubes' land was an old farm road, which was not public. The Hubes had placed posted signs on it, but, despite that fact and without any inquiry of the owners, the agents of L & A continuously used this way to obtain access to the work on the culvert. L & A made no effort to ascertain the name of the owner, and ignored the posted signs. The numerous vehicles of L & A using this farm road also drove over a field upon which appellees had planted a number of pine seedlings and other trees, and destroyed many of them. During the latter part of June, appellees learned about this, and Hube, after observing the damage, protested to the foreman and to an officer of appellant. On July 8 appellees learned that L & A had continued to use this farm road and to drive over the field upon which they had planted the trees. On July 10 appellees gave

formal notice to appellant to not trespass further, and this notice was complied with.

■■ ■ The chancery court found 688 pine seedlings had been destroyed or damaged. It concluded that one-fourth of this damage was attributable to L & A, and rendered a judgment for $43.44 of actual damages, and the statutory penalty of $15 per tree on 172 trees. The court held that the wilfulness and bad faith of L & A consisted of its utter indifference to the rights of appellees in their land and the failure first to seek permission to go on it. The court was warranted in apportioning the damages as to this tort-feasor, and in finding that the evidence showed a lack of good faith. ■■■ Defendant failed to establish good faith as an affirmative defense, which is required by Sec. 1075. See Strawbridge v. Day, 232 Miss. 42, 98 So. 2d 122 (1957). ■■■ Nor was there any error in the trial court's viewing the premises, over appellant's objection. This was not an ex parte view. Both sides had notice, and the decree on the merits is supported by substantial evidence. S. H. Kress and Co. v. Sharp, 156 Miss. 693, 126 So. 650 (1930); National Box Co. v. Bradley, 171 Miss. 15, 157 So. 91 (1934).

The right of way deed executed by appellees to the Highway Commission provides: "It is further understood and agreed that the consideration herein named is in full payment and settlement of any and all claims or demands for damage accrued, accruing, or to accrue to the grantors herein, their heirs, assigns, or legal representatives, for or on account of the construction of the proposed highway, change of grade, water damage, and/or any other damage, right or claim whatsoever."

Appellant asserts that the effect of this instrument was to release not only the Highway Commission but also its prime contractor, L & A Contracting Company, from any damages caused by the construction of the highway, which would include the damages to the timber on the Hube land, across which L & A's trucks were driven

without permission. Similar reference is made to the drainage easement, with an analogous clause.

We do not think this release was intended to extend to wilful or grossly negligent damage to the surface of and timber on grantors' adjacent property. Somewhat analogous is Y. and M. V. Railroad Co. v. Smith, 90 Miss. 44, 43 So. 611 (1907), where a release to a railroad company, incorporated in a right of way deed upon which a track had already been constructed, was held not to release the company from liability for damages resulting from surface waters caused by a subsequent elevation of ground. The result, as here, was based on interpretation of the contract.

The release covers the normal and necessary public operations of the Commission and its contractors. Robertson v. New Orleans and G. N. Railroad Co., 158 Miss. 24, 35, 129 So. 100 (1930); 45 Am. Jur., Release, Secs. 27, 31; 76 C. J. S., Release, Secs. 52, 53. It was not within the intent of the parties to release the Commission's contractor from tortious acts committed on the grantor's adjacent land either intentionally or through gross negligence. Hence State Highway Commission v. McLendon, 212 Miss. 18, 53 So. 2d 35 (1951), relied upon by appellant, is not pertinent. No such element was there involved. Moreover, in *McLendon* payment to the landowner was made after the damages occurred, and the release was then obtained.

Affirmed.

*McGehee, C. J.,* and *Arrington, McElroy,* and *Rodgers, JJ.,* concur.