CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## MARCH TERM, 1913.

WINKLER *v.* WINKLER.

MAX WINKLER *v.* ELIZABETH WINKLER.

[61 South. 1.]

1. DIVORCE. *Alimony. Power of court. Discretion. Code* 1906, *section* 1673.

Under Code 1906, section 1673, providing that the court granting a divorce may in its discretion make orders touching the maintenance and alimony of the wife, the court may in its discretion in a proper case award alimony to the wife, though a divorce is granted to the husband.

2. SAME.

It is the general rule that the matter of awarding temporary or permanent alimony is within the sound discretion of the court, and is not subject to revision and correction on appeal unless it is erroneous on its face, or unjust to either party, or oppressive.

3. SAME.

> Where in a suit by the husband against his wife for divorce, the answer charged that the wife was supporting herself and children out of her earnings of about six dollars per week, a decree allowing her fifty dollars as alimony *pendente lite*, and twenty dollars per month as permanent alimony will not be disturbed where it is not shown that the chancellor abused his discretion.

APPEAL from the chancery court of Jones county.

HON. SAM. WHITMAN, Chancellor.

Suit by Max Winkler against Elizabeth Winkler for divorce. From a decree awarding alimony to the wife, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*W. S. Welsh,* attorney for appellant.

No brief on file by counsel for appellant.

*Bullard & Gavin,* attorneys for appellee.

There was no exception by the appellant to the decree awarding alimony against him, nor to anything that occurred at the trial, and the evidence upon which the court acted was not made part of the record. The decree cannot therefore be disturbed unless upon the face of the record it is absolutely void, because the court had no jurisdiction to render it.

The decree is not void. Independently of any statute under the practice of the ecclesiastical courts, which our courts adopt, the allowance of alimony was, and is, always a matter of discretion with the court. Our statute, section 1673, Code 1906, quoted by appellant is but an enunciation of the rule of the ecclesiastical courts. By the terms of it when a divorce shall be decreed from the bonds of matrimony the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the case, etc., of the children, and touching the maintenance and alimony of the wife or any allowance to be made to her, etc.

This does not restrict the exercise of the court's discretion to cases where the divorce is granted to the wife, and this exercise of that discretion by the court may, and in fact was, controlled by matters not now before the court, and of which it cannot judge, because the decree was not excepted to and the evidence upon which he acted was not made part of the record. It may have been the peculiar merit, situation and need of the wife; it may have been the appellant's recognition of the justice of her demand, her need, and his consent to the allowance; it may have been any one or all of the multitudinous things that would have justified the court in the exercise of this discretion, and as the appellant made no objection to it, the court will not now disturb it.

In 14 Cyc. 769 (5) the rule is stated thus: ''As in the case of allowance of temporary alimony, an award of permanent alimony is within the discretion of the court, although if the award is erroneous on its face, or unjust to either party, or oppressive, it is subject to revision and correction on appeal.

There seems to be no case exactly in point from this court, but because of the peculiar applicability of it to this case we quote in full the opinion of the supreme court of Alabama in the case of *Edwards* v. *Edwards,* 84 Ala. 361, 3 So. 896. This was a case where the divorce was granted to the husband and STONE, C. J., speaking for the court said:

''When the former suit between these parties was before us (80 Ala. 97) we said: ''The clearly established facts show a sad case of family alienation and discord, but much of the blame is chargeable to complainant. Mrs. Edwards was complainant in that suit; she is defendant in this. It was not said the entire blame rested on her. The clear implication is that it was not so regarded. Her character is not questioned in this suit, and all the testimony proves her to be a working, struggling, economical woman, doing even hard and menial service. Doubtless,

she did her share in building up the little property they had gathered about them. Her daughters, two of the only three children of the marriage, and who have quite attained to years of discretion, prefer to remain, and do remain, with her, in the sad disruption of the household; while only the youngest child, a son, remains with the father. This is a pregnant circumstance, and is at least persuasive to show that the fault is not all hers. We differ somewhat with the chancellor, and reserve, and here render so as to pronounce judgment as follows: We award to complainant as temporary alimony, fifty dollars; as counsel fees, fifty dollars; and we divide the cost of the petition equally between the parties; and the parties will pay as here indicated. That part of the decree which relates to what is called 'permanent alimony' we leave as the chancellor fixed it—thirty dollars, semiannually, making sixty dollars per annum; subject, however, to such alteration as the chancellor may hereafter make, to be dictated by changes that may occur in personal or property relations. *Williams* v. *Hale,* 71 Als. 83. Reversed and rendered.''

Appended to the report of this case in 3 So. Rep. is this note: ''The appellate court will not interfere with the action of the trial court in granting the wife alimony in an action, unless there is manifest abuse of discretion.'' Citing *Peck* v. *Peck* 15 N. E. (Ind.) 12; *Campbell* v. *Campbell,* 35 N. W. (Iowa) 522; *Wyatt* v. *Wyatt,* 10 Pac. (Idaho) 228 and note.

In this case there is nothing to show that the undoubted discretion of the court was improperly exercised, the appellant did not except to it, and the decree so entered will be affirmed.

REED, J., delivered the opinion of the court.

Appellant filed his bill for divorce against appellee on the sole ground of desertion. Appellee answered, making a general denial, and stating that she had four children by

her marriage with appellant, the eldest of which was then only six years old, that appellant had left her and his little children in destitute circumstances, and that she was supporting herself and children out of her earnings of about six dollars per week. The court rendered a decree granting a divorce, and ordered appellant to pay the sum of fifty dollars as alimony *pendente lite* and twenty dollars per month as permanent alimony. Later, appellee petitioned the court, stating that appellant had failed to make the payments of the alimony, and asking the court to adjudge him in contempt, and require him to furnish security for the payments. The court entered an order in accordance with the petition. Appellant then moved the court to vacate and annul the decree of the court allowing the alimony, and appealed to this court from the action of the chancery court in awarding appellee alimony in the original decree for divorce.

The contention of appellant is that the court could not allow the appellee, the wife, alimony in a decree sustaining a bill for divorce filed by appellant, the husband.

It is provided in our statute (section 1673, Code of 1906) that "when a divorce shall be decreed from the bonds of matrimony the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case as may seem equitable and just, make all orders touching . . . the maintenance and alimony of the wife, or any allowance to be made to her." The court by the same statute is authorized to "change the decree and make from time to time such new decree as the case may require." The court is also authorized to require sureties for the payment of the alimony allowed. It has been stated as a general rule that alimony will not be allowed the wife unless the decree for divorce is in her favor. The rule, however, has been modified in many instances. In 14 Cyc. 767, it is said: "In many jurisdictions, however, the general rule has been modified by statutes expressly or impliedly providing that permanent ali-

mony may be awarded in favor of the wife although a decree has been rendered against her.'' On page 768 of the same volume it is said that if ''the husband was at fault and materially contributed to his wife's desertion, or other misconduct, he may be required to provide for her support although he obtains a divorce from her.''

It is the general rule that the matter of awarding permanent alimony as well as temporary alimony is within the sound discretion of the court, and is not subject to revision and correction on appeal, unless it is erroneous on its face, or unjust to either party, or oppressive. 14 Cyc. 769. It has been decided that a wife, though not entitled to a divorce, may have alimony when a divorce is decreed against her. *Coon* v. *Coon,* 26 Ind. 189; *Hedrick* v. *Hedrick,* 28 Ind. 291. The statute upon which the Indiana cases are based provides that ''the court shall make such decree for alimony in all cases contemplated by this act as the circumstances of the case shall render just and proper.'' Our statute is as broad in its scope. In the case of *Graves* v. *Graves,* 108 Mass. 314, in which it was decided that alimony may be awarded to the wife upon granting to the husband a divorce for her fault, the court in discussing the subject said: ''The question whether she or her husband was the guilty party is doubtless an element, and an important element, in determining whether alimony should be awarded to her, but it is not conclusive. She may have been guilty of such a breach of the marriage obligation as to entitle her husband to a divorce; and yet it may not be just, if her husband is comparatively rich or capable of earning money, and she is poor or weak, that she should be turned out into the world without any means of livelihood but her own exertions. The questions whether she should be allowed any alimony, and of the amount of such allowance, are, in every case falling within the enumeration of the statute, whether she is the party offending or the party injured, within the discretion of the court, upon a consideration of all

the circumstances of the case. Such has been the construction always given to our statutes by the justices of this court, and to similar statutes by the courts of other states, whenever the powers of the court to grant alimony were not clearly limited by the legislature to the case of a divorce in favor of the wife''—citing *Sheafe* v. *Sheafe,* 4 Foster (24 N. H.), 564; *Sheafe* v. *Laighton,* 36 N. H. 240.

It seems that in the Massachusetts statute there was provision for a divorce on the ground of separation, and a further provision that upon granting a divorce the court may decree alimony to the wife. The English Parliament, upon granting a divorce to a husband, even on the ground of adultery of his wife, required him to make a provision for her out of his estate. *Jee* v. *Thurlow,* 4 D. & R. 11. While recognizing the general rule that alimony should follow a decree in favor of the wife, and that this rule should generally control, still, viewing the modifications thereof, taken in connection with the provisions of our statute, we believe the court may in proper cases decree alimony to the wife, even where the husband is granted the divorce.

In the present case the chancellor, in the exercise of his discretion, and having regard for the circumstances of the parties and the nature of the case, decided that it was equitable and just to decree alimony to the wife. There is no testimony given in the record. The pleadings show that she was in need of the amount for support of herself and her four children, the fruit of the marriage with appellant. By reason of the absence of testimony, there is nothing before us by which we can review the action of the chancellor, and, in the absence of the proof, we assume that he acted with proper discretion. It does not appear from anything before us that he abused his discretion. The statute permits the allowance of alimony when a decree of divorce is rendered. We are led to conclude that

in this case the chancellor was correct in awarding alimony in the original decree.

*Affirmed.*

SMITH, C. J. (concurring). The allowance of alimony, in this state, is governed wholly by section 1673, which provides that it may be allowed in all cases where it "may seem equitable and just" to do so. Under some circumstances it may be equitable and just to allow alimony to a wife whose conduct brought about the dissolution of the marriage; and since the evidence upon which the court below acted is not before us, there is nothing for us to do but affirm its decree.