## SMITHSON *v.* SMITHSON.

[74 South. 609-149, Division B.]

1. DIVORCE. *Alimony. Temporary alimony. Payment of cost.*
   Where on appeal the decree for alimony by the lower court was reversed, which left the wife without any provision for her support and maintenance pending determination by the court below, the decree on appeal should be so modified as to continue in force the provision for payment of alimony until action by the trial court.

2. SAME.

   The fact that defendant voluntarily allowed his wife sixty-five dollars per month for her individual support, together with the finding of the chancellor that this was a reasonable monthly allowance, was sufficient to justify an order by the supreme court on the reversal and remanding of the case, that the payment of this amount be continued until changed by the trial court.

3. DIVORCE. *Alimony. Payment of cost.*

   In such case, since action by the trial court could not be had until the payment of the cost of appeal and the issuance of a mandate, and it was to the wife's interest that the matter should be promply disposed of, it was proper for the supreme court on reversal to require that the cost should be promptly paid.

APPEAL from the chancery court of Hinds county.

HON. O. B. TAYLOR, Chancellor.

On motion for allowance of temporary alimony and on suggestion of error. Suggestion of error overruled, but judgment modified.

The facts are fully stated in the opinion of the court.

*L. Brame,* for appellant.

*G. G. Lyell* and *Mayes, Wells, May & Sanders,* for appellee.

STEVENS, J., delivered the opinion of the court.

Counsel for appellant has presented a motion for the allowance of temporary alimony for herself and her son, in which it is represented that:

"The court having reversed the decree of the court below and having directed the cause to be remanded for proceedings in the court below as to alimony and support, now comes the appellant, Meta M. Smithson, and shows that she is left without any decree for alimony or support or any provision in reference to the support of her child, Claude Taylor Smithson."

The prayer of the motion is that an order be entered by this court, directing appellee forthwith to pay the

appeal costs, in order that the mandate may be prompt-
ly issued remanding the cause for further proceedings
in the court below, and that, in the meantime, the court
will provide appellant with temporary alimony for
herself and child until the chancellor can, upon rehear-
ing, award alimony under the changed conditions
brought about by the reversal of this case. That para-
graph of the final decree appealed from, which fixes the
monthly allowance to be paid to Mrs. Smithson, is as
follows:

"The complainant having paid defendant sixty-five
dollars per month for her support and maintenance, he
will hereafter and from this date pay her permanent
alimony for her support and maintenance a like sum
each and every month while she is unmarried."

Counsel for appellee, in defending the motion here
made, contend that Dr. Smithson has surrendered his
official position as superintendent of the Insane Hos-
pital, and consequently that there has been a material
reduction in his earning capacity for the present and
until he again establishes a general medical practice,
and for this reason requests the court to allow testi-
mony to be taken in this court, with the view of deter-
mining what would be a reasonable allowance. It ap-
pears from the final decree itself that Dr. Smithson was
voluntarily paying his wife sixty-five dollars per month
at the time the chancellor fixed the amount of perma-
nent alimony, and the decree of the chancellor fixing
permanent alimony stipulates that appellant is to con-
tinue to pay each month the same amount which he
had been voluntarily paying, to wit, sixty-five dollars.
If, therefore, any allowance whatever is to be made by
this court, we think we are entirely warranted in di-
recting that paragraph 2 of the final decree appealed
from, fixing the monthly allowance for support and
maintenance of Mrs. Smithson, shall not be disturbed,
and that that portion of the decree should not be re-
versed or altered until the chancellor says otherwise.

The final decree of the chancellor was rendered July 22, 1915, and the directions of that decree as to allowance seems to have been complied with until this court reversed the decree of divorce. It is true that the reversal of the case changes the *status* of the parties and now brings a condition which the chancellor did not contemplate when he fixed the amount of alimony. The chancellor awarded alimony on the theory that the parties thereafter would be strangers one to the other, and not husband and wife. The reversal of the case now fixes the *status* of the parties as that of man and wife; and, under such circumstances, the decree of the chancellor, awarding Mrs. Smithson the home place and in providing life insurance, would become impractical. Upon rehearing, the chancellor will likely alter his decree in several particulars.

The fact that Dr. Smithson voluntarily allowed his wife sixty-five dollars per month for her individual support, together with the finding of the chancellor that this is a reasonable monthly allowance, is sufficient to justify an order by us that the payment of this amount be continued until changed by the trial court.

There is a suggestion of error in the case, and the consideration of the motion suggests the propriety of altering the judgment heretofore entered in this case by this court, to the extent of ordering that appellant continue to pay the monthly allowance, as directed in paragraph 2 of the final decree rendered by the chancellor, until an order of the chancery court of Hinds county is rendered, modifying or changing this portion of the decree, and also of directing that that part of the final decree appealed from, awarding Mrs. Smithson the custody of her son, and directing that Dr. Smithson shall pay for his support and education, shall be affirmed, and shall in no wise be disturbed by the decree of reversal herein rendered.

We also think that appellant is vitally interested in having appellee promptly to pay the appeal costs, to the end that there may be a prompt issuance of the mandate. The learned trial court will not take cognizance of this case again until the mandate reaches the clerk of the court below. In the meantime, she continues to be the wife, and is entitled to a prompt adjudication of her rights as to support and a prompt rehearing by the trial court. Her right to a prompt payment of the appeal costs is identical with her right to alimony. We think this court has jurisdiction to order the prompt payment of the appeal costs, as a part of the order safeguarding appellant in her alimony rights. The appeal costs have been incurred by Mrs. Smithson in prosecuting this appeal, and if she is required to advance the appeal costs in order, under the rules of the court, to obtain the mandate and a remand of this case, then she will be required in so doing probably to appropriate her individual moneys needed for her temporary support and maintenance.

On the suggestion of error proper, the court has nothing further to add to the opinion heretofore written.

It is our opinion, and we so direct, that paragraphs 2, 6, and 7 of the final decree rendered by the chancellor shall be affirmed, and the directions contained therein shall be complied with by Dr. Smithson now, as heretofore, without prejudice, however, to the right of the chancellor to change or modify the allowance, either to Mrs. Smithson or her child, upon rehearing of the whole case in the light of the views expressed by this court.

Suggestion of error overruled, but judgment heretofore entered will be modified as indicated.

*Suggestion of error overruled.*