CARRAWAY *v.* CARRAWAY.

Division B. Jan. 7, 1952.

No. 38168 (56 So. (2d) 41)

E. C. Barlow, for appellant.

Gordon & Gordon, for appellee.

858

**Ethridge, C.**

The Chancery Court of Amite County granted a divorce to appellee, C. H. Carraway, Jr., against his wife, the appellant, Mrs. Frankie Carraway, for desertion. Appellee originated the action below, and appellant filed an answer and cross-bill asking for a divorce on the ground of habitual cruel and inhuman treatment. After a hearing on the merits, the court granted a divorce to appellee and dismissed appellant's cross-bill. We think that there is sufficient evidence to support the divorce decree, and accordingly affirm the same.

The decree further adjudicated that "the defendant and cross-complainant is entitled to alimony", and allowed her $150 "in full and complete settlement of all alimony, maintenance money, and suit money, and the sum of $50.00 attorney's fee * * *." This allowance of alimony to a wife from whom her husband has obtained a divorce is based upon Miss. Code of 1942, Sec. 2743, Winkler v. Winkler, 1913, 104 Miss. 1, 61 So. 1, and Yelverton v. Yelverton, 1946, 200 Miss. 569, 28 So. (2d) 176. See also Amis, Divorce and Separation in Mississippi (1935), pages 222-223. In those cases it was held that the language of █ the statute was sufficiently broad by implication to authorize the chancery court to grant alimony to a wife from whom her husband obtains a divorce where the particular circumstances justify it, such as where the wife was not entirely to blame but the husband was partially in fault, and where the wife is without any estate or means of support. Here the record shows that the husband was at least partially at fault, and that the wife was sick and unable to earn a living, and had no means of support other than living with her parents. Under these circumstances, there was adequate evidence in the record to warrant the finding of the chancellor that the appellant was entitled to alimony. Hence the trial court has adjudicated that ap-

pellant is entitled to alimony, and we affirm that finding as to appellee's liability for alimony.

The remaining question is as to the amount allowed, of which appellant complains. The record shows that the award of alimony in the total amount of $150 is wholly inadequate. Appellee is the owner of an 80 acre farm with two houses upon it, and of a truck and some mules and perhaps other livestock. Appellee admitted that he owned between 18 to 20 head of cattle; appellant testified that he owned between 25 to 30 head. The determination of the amount of permanent alimony is within the sound discretion of the trial court, but that discretion must be exercised in the light of the facts and circumstances reflected in the record. 27 C. J. S., Divorce, Secs. 232, 288. The small allowance made to her is not consistent with her manifest needs, the resources of appellee and the facts reflected in the record. Hence that portion of the decree fixing the amount of alimony is remanded to the chancery court for further hearing and determination of what is a reasonable amount. However, in the meantime, appellant has received no alimony whatever for her support and maintenance, so we affirm the allowance to appellant of $150 alimony, as a credit on whatever additional sum the chancery court shall subsequently determine appellant is entitled to, and appellee is directed to pay to appellant that $150 within thirty days from the date of this judgment. Smithson v. Smithson, 1917, 113 Miss. 644, 74 So. 149, 609. The costs of this appeal shall be taxed against appellee.

Affirmed on issues of divorce and liability for alimony, and reversed and remanded for further hearing on the issue of alimony only.

PER CURIAM.

The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, it is affirmed on issues of divorce and liability for alimony, and reversed and remanded for further hearing on the issue of alimony only.