## Shows *v.* Shows

No. 41927        October 2, 1961        133 So. 2d 294

*Lampkin Butts,* Laurel, for appellant.

*Paul G. Swartzfager,* Laurel, for appellee.

McElroy, J.

This is an appeal from a final decree in the Chancery Court of the First Judicial District of Jones County, Mississippi. The decree dismissed appellant's bill for divorce and granted appellee a divorce upon his cross-bill. The apellant was refused alimony. There was no appeal from the granting of the divorce. Appellant's sole contention here is that the lower court erred in denying alimony.

On September 8, 1959, Blanche Walker Shows, the appellant, filed her bill of complaint for divorce on the grounds of habitual cruel and inhuman treatment. The appellee filed a cross-bill alleging the same grounds for divorce. The appellant and appellee were married on April 17, 1954. They lived together in appellee's farm home in Jones County until their separation on September 5, 1959. The immediate cause of the separation was a fight which took place during the day in the side yard of their home. At the time of the separation the wife was 54 years of age and the husband was 55. Therefore, at the time of their marriage the wife was some 49 years old and the husband was 50. Both appellant and appellee had been married once before. The appellant entered this marriage owning a home in the City of Laurel which she had purchased under her G. I. loan eligibility as a former Army nurse. At the time of the marriage she sold her equity in this home for $1,000, which sum was invested in a chicken house and equipment on the appellee's farm. This investment turned out to be a dead loss. The appellant also had a small life insurance policy which was surrendered for its cash value of $240. This went into a joint account on which the appellee could

draw. At the time of the separation and divorce this sum had long since been spent. Appellant was a trained nurse and had served in the armed forces. She earned, when working, around $12 for an eight-hour day. She did very little nursing during the time she lived with the appellee. She entered this marriage, therefore, owning a home in which her equity was worth $1,000, life insurance in force, household furniture and employment as a registered nurse. Five and one-half years later appellant was separated from the appellee, who remained in the marital domicile; she no longer owned a home; she no longer had life insurance; and she had been without working experience for virtually all of the five and one-half years.

The appellant supported her mother who was a semi-invalid and required nursing attention.

The record reveals that appellee owned 520-530 acres of land. Some of it was worth $50 an acre and some $30 or $40. He borrowed at one time $18,000 on this land, and had paid back about $4,500 of this debt.

He had three commercial head of cattle worth $300 each, and 47 head of registered cattle belonging to him and his son. He valued his interest in the partnership at about $6,000 or $7,000. He borrowed $1,800 on life insurance, had farm equipment, had bought a new automobile, and had an income of $500 per year from an oil well on his land. He valued his annual net income at about $3,000 out of a gross earning of $10,000 per year.

There was no showing that the appellant was a woman other than of good moral character.

██ It has been recognized since 1913 that the chancery court may in a proper case decree alimony to the wife, although the husband is granted the dviorce. Winkler v. Winkler, 104 Miss. 1, 61 So. 1. Moreover this Court "has power to affirm, reverse, or modify the decree appealed from, or it may reverse in part and affirm in part, or remand for a new hearing, and where all of the facts are necessary to enable it to do justice are contained in the record, it may make such order with respect to ali-

mony or allowances as the trial court should have made.''
Gresham v. Gresham, 198 Miss. 43, 21 So. 2d 414.

In Hibner v. Hibner, 217 Miss. 611, 64 So. 2d 756, this
Court recognized the right of a wife to alimony in a case
in which the husband was granted a divorce based upon
habitual, cruel and inhuman treatment consisting of false
accusations of infidelity. With respect to the applicability
of the *Hibner* case to the case at bar, we would point out
that the appellee here was granted a divorce on habitual
cruel and inhuman treatment, consisting in part of false
accusations by her of infidelity. Alimony was denied, in
effect, as a penalty for having made false accusations of
infidelity.

In the *Hibner* case, this Court said: '' * * * The proof
shows that the husband owns and operates a profitable
business and owns considerable property, while the wife
has very little, if any, earning capacity and comparatively
little property. In the case of Winkler v. Winkler, 104
Miss. 1, 6, 61 So. 1, 2, Ann. Cas. 1915C, 1250, we quoted
with approval from the Supreme Court of Massachusetts,
Graves v. Graves, 108 Mass. 314, as follows: 'The ques-
tion whether she or her husband was the guilty party is
doubtless an element, and an important element, in deter-
mining whether alimony should be awarded to her, but
it is not conclusive. She may have been guilty of such a
breach of the marriage obligation as to entitle her hus-
band to a divorce; and yet it may not be just, if her
husband is comparatively rich or capable of earning
money, and she is poor or weak, that she should be turned
out into the world without any means of livelihood but
her own exertions.' * * *''

■■■ The various criteria for an award of alimony
are summarized in Bunkley and Morse's Amis: Divorce
and Separation in Mississippi, Sec. 6.08, and fn. 37 and 39
thereto, as these: (1) The health of the husband and his
earning capacity; (2) the health of the wife and her earn-
ing capacity; (3) the entire source of income of both
parties; (4) the reasonable needs of the wife; (5) the

necessary living expenses of the husband; (6) the estimated amount of income taxes the respective parties must pay on their incomes; (7) the question of whether the wife has the free use of the home, its furnishings, etc.; (8) such other facts and circumstances bearing on the subject.

The test is sometimes briefly stated, as in Footnote 39 of the above quoted text, as ''a reasonable allowance of alimony, commensurate with her accustomed standard of living and the ability of the husband to pay.''

██ Under the authorities mentioned we are of the opinion that the wife is entitled to a reasonable allowance of alimony, commensurate with her accustomed standards of living and the ability of the husband to pay. The cause will be remanded to the lower court to fix the amount of such allowance, both parties being entitled to submit additional proof with reference thereto. ██ Appellant's motion for attorney's fees is sustained, for the services of her counsel in representing her in the Supreme Court, for fifty per cent of the amount allowed in the lower court, namely, $125. Castleberry v. Castleberry, 214 Miss. 94, 58 So. 2d 67. All costs will be taxed against the appellee.

Affirmed as to the divorce and attorney's fees allowed in the lower court; reversed and remanded for allowance of alimony; appellant's motion for attorney's fees in this court sustained.

*McGehee, C. J.,* and *Arrington, Ethridge,* and *Rodgers, JJ.,* concur.