GATLIN *v.* GATLIN

No. 42923          March 16, 1964          161 So. 2d 782

*Welch, Gibbes, & Graves, William S. Mullins, III,* Laurel, for appellant.

*Paul G. Swartzfager,* Laurel, for appellee.

ETHRIDGE, J.

Ruth Shirley Gatlin, appellant, brought this suit for divorce against appellee W. Harry Gatlin in the Chancery Court of the Second Judicial District of Jones County. He filed a cross bill for divorce on the ground of habitual cruel and inhuman treatment. After a lengthy hearing, the trial court granted the husband a divorce on his cross bill, custody of their fifteen-year-old daughter, and the wife alimony for eighteen months at the rate of $200 per month. Mrs. Gatlin has appealed from that decree.

There was substantial evidence to support the chancery court's granting of a divorce to appellee. It was also warranted in awarding custody of the daughter of the parties to Mr. Gatlin. No purpose would be served by reviewing the comprehensive testimony on those two

issues. It is sufficient to state that the great weight of the evidence shows that, over a long period of time, appellant treated her husband in an habitually cruel and inhuman way.

Concerning alimony, the chancellor found as follows:

"The Court further finds that Mrs. Gatlin is approximately forty years of age with some business experience and has some business interest in a cafe at Waynesboro, Mississippi, and that she should be able to earn a comfortable living. However, the Court is awarding temporary alimony and support for a period of readjustment in the sum of $200.00 per month, payable on or before the 5th day of each month, for a period of eighteen months."

Appellant contends this decision is in error because the record shows she has no interest in a cafe, or other economic resources; the amount of the alimony is too small; and the trial court improperly limited it to eighteen months. Appellee did not cross appeal from the decree.

▆▆▆ ▆ Mrs. Gatlin worked as a bookkeeper for her husband at his lumber mill for a number of years, so she had some business experience. The evidence is ambiguous and inconclusive as to whether appellant owns an interest in a cafe, and if so, whether she receives any income from it. Since appellee was granted a divorce from his wife, and the evidence amply supports that decision, we can not say that the amount of alimony allowed by the chancery court is too small. However, other factors indicate that the chancellor should have retained jurisdiction of the question of alimony.

The record shows that appellant owes substantial debts, has at the most interest in a cafe and an equity in an automobile, and no further economic resources, but a substantial debt incurred by her for asserted necessities. Appellee stipulated that he is a man of substantial economic resources. The chancellor should retain juris-

diction of the alimony question, for consideration and determination by him as to whether it should be continued after the eighteen months, under the rule of Winkler v. Winkler, 104 Miss. 1, 61 So. 1 (1913). Yelverton v. Yelverton, 200 Miss. 569, 28 So. 2d 176 (1946); Carraway v. Carraway, 212 Miss. 857, 56 So. 2d 41 (1952); Hibner v. Hibner, 217 Miss. 611, 64 So. 2d 756 (1953); Shows v. Shows, 241 Miss. 716, 133 So. 2d 394 (1961); see Bunkley and Morse, Amis' Divorce and Separation in Mississippi (1957), § 6.04. *Winkler* states that whether the wife was the guilty party is an important but not a conclusive element in determining her right to alimony. She may be entitled to it, under certain circumstances; "it may not be just, if her husband is comparatively rich or capable of earning money, and she is poor or weak, that she should be turned out into the world without any means of livelihood but her own exertions." Winkler v. Winkler, 104 Miss. at 6.

Although appellant was the guilty party, the record reflects that she is poor and weak, and almost continually ill with chronic bronchitis, asthma, and alcoholism. We do not say that the chancellor should allow appellant alimony after the eighteen months, but he should retain jurisdiction of that issue. Reconsideration of this question may or may not be appropriate, within the sound discretion of the chancery court, and in accordance with circumstances which might be developed at a later hearing.

In brief, we affirm the decree of the chancery court, as modified and amended in the following respects: (1) It is ordered that the chancery court shall retain jurisdiction of the question of alimony. (2) It is further ordered that Mrs. Gatlin shall have reasonable visitation rights with her daughter at reasonable and appropriate times and places.

Appellant's motion for allowance of additional attorney's fees for services of her counsel in this court

is sustained, and such fee is fixed in the sum of $1,250, or one-half of the fee paid in the lower court ($2,500).

Affirmed as modified and amended; appellant's motion for attorney's fees sustained.

All Justices concur.