275 So.2d 845 (1973)
Edward K. RICHARDSON
v.
Ruth Gill RICHARDSON, wife/of Edward K. Richardson.
No. 5312.
Court of Appeal of Louisiana, Fourth Circuit.
April 3, 1973.
Wm. S. Coci, Metairie, for defendant-appellant.
Connick & Connick, Anita Connick, New Orleans, for plaintiff-appellee.
Before GULOTTA, STOULIG and SCHOTT, JJ.
*846 GULOTTA, Judge.
This is an appeal from a judgment revoking alimony, as well as from a judgment maintaining exceptions of no cause or right of action to a rule seeking alimony subsequent to the order of revocation.
A default judgment of separation was granted to the husband based upon habitual intemperance. In that decree, dated November 25, 1969, the custody of the minor child was awarded to the father and alimony in the sum of $450 per month was awarded to the wife. A consent judgment was rendered on the same date relating to the alimony and custody.
On April 5, 1971, the husband obtained a default judgment of divorce based on a continuous separation between the parties for more than a year since the date of the judicial separation without a reconciliation having been effected. In his petition he alleged that he "shall continue to pay alimony" at $450 per month. In the decree, custody of the minor child was granted to the father, and the divorced wife was awarded $450 per month alimony.
Pursuant to a motion to revoke alimony on the grounds that there was no showing that the wife was free from fault or that she was in necessitous circumstances, on September 14 the court revoked the order to pay alimony theretofore rendered in the divorce decree. Thereafter, a rule for alimony was filed by the wife seeking reinstatement of the alimony award. The trial judge maintained exceptions of no cause or right of action. It was his opinion that the question of fault was litigated in the revocation proceeding at which time the wife was determined to be at fault. Accordingly, he reasoned, the wife cannot, by subsequent motion for alimony, reopen this question.
Presented for our consideration is whether fault can be relitigated in a subsequent alimony rule when a judgment of separation has been granted in favor of the husband based upon the cruelty or habitual intemperance of the wife.
Art. 160 of the Civil Code, as amended in 1964, provides:
"When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
"This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries."
This provision governs alimony at the time of the divorce.
According to the Article and the comments following, it is clear that a wife is not entitled to alimony after final divorce unless she has not been at fault in bringing about the separation or divorce. Moreover, the Third Circuit Court of Appeal in the case of Gary v. Gary, 143 So.2d 411 (1962), in denying the wife alimony for herself in the divorce decree when the husband obtained a default judgment of separation based on fault of wife, stated on page 413 and 414:
"* * * The defendant is not entitled to alimony for herself for the reason that she was at fault when her husband obtained the decree of separation, and the trial judge granted the parties a final divorce for the reason that the parties *847 had not lived together since the judgment of separation."[1]
The present wording of LSA-C.C. art. 160, as amended in 1964, does not change the effect of the Gary case. This article merely allows the wife the right to obtain alimony, provided she has not been at fault although the husband has obtained the separation or divorce on the basis of having lived separate and apart for a specific period of time, or when the husband has obtained a divorce in another state or country which had no jurisdiction over the wife.
This Article presupposes instances in which the question of fault has not been determined.
The jurisprudence is also clear as to what constitutes "fault" sufficient to bar a wife from obtaining alimony. In Smith v. Smith, 216 So.2d 391 (La.App. 3rd Cir. 1968), the court defines fault which, in the words of the court,
"* * * constitute a contributing or a proximate cause of the separation and continuous living apart, the ground for the divorce."
It is obvious in the instant case the wife has been guilty of fault sufficient to bar her from obtaining alimony after divorce. In allowing her husband to obtain a separation from bed and board against her on the grounds of habitual intemperance and mental cruelty, the wife permitted herself to be adjudicated at fault and thereby forfeited her right to claim permanent alimony.
The issue of the wife's fault was before the court in the separation suit. It cannot now be relitigated in a subsequent alimony rule.
We are, therefore, of the opinion that the trial court properly sustained the exception of no right of action. The judgment is affirmed. Costs of this appeal are to be paid by defendant-appellant.
Affirmed.
NOTES
[1] There were dissents in this case in connection with the custody part of the decree but not in connection with the alimony award.