288 So.2d 398 (1974)
Anna D. FULMER
v.
John A. FULMER, III.
No. 5959.
Court of Appeal of Louisiana, Fourth Circuit.
January 8, 1974.
Rehearing Denied February 6, 1974.
Writ Granted March 15, 1974.
Greenberg, Cohen & Dallam, Roger I. Dallam, Gretna, for defendant-appellant.
Robert A. Keily, New Orleans, for plaintiff-appellee.
*399 Before SAMUEL and GULOTTA, JJ., and MARCEL, J. pro tem.
CLEVELAND J. MARCEL, Sr., Judge Pro Tem.
This is an appeal from the decision of the lower court which held that the defendant-appellee, Anna B. Fulmer, was not required to prove herself free from fault in the divorce proceeding in order to obtain permanent alimony following divorce, since her freedom from fault had been determined in a prior separation proceeding.
The primary issue involved in this appeal is whether or not a judgment of separation from bed and board in the wife's favor on the grounds of abandonment is dispositive of the issue of fault and whether this issue can be relitigated in a subsequent divorce proceeding, thereby depriving the wife of alimony after divorce under Civil Code Art. 160. Of issue also upon the appeal of this matter is whether or not the trial judge has the discretion at the trial of the divorce proceedings or any subsequent hearings to continue pre-divorce alimony payments without new evidence as to the needs of the wife and the ability of the husband to pay.
On February 11, 1971, Anna B. Fulmer filed a petition for separation based on the grounds of abandonment in the 25th Judicial District Court in the Parish of St. Bernard. Thereafter on March 7, 1971, John A. Fulmer, III, defendant therein, filed his answer specifically denying the allegations of abandonment and reconvening in his answer for a separation based upon acts of cruel treatment on the part of his wife. On July 9, 1971 after all the evidence and facts had been adduced on the trial of this matter, judgment of separation was granted in favor of the petitioner, Anna B. Fulmer on the grounds of abandonment. On September 22, 1972 more than one year and 60 days having elapsed since the rendition of the judgment of separation, John A. Fulmer, III, petitioned the court in the same proceedings for divorce. Within his pleadings, petitioner alleged that Anna B. Fulmer was not free from fault and should be forever barred from obtaining alimony after divorce. On November 8, 1972, answer was filed by Anna B. Fulmer denying the allegations that she was at fault and specifically and affirmatively setting forth that the issue of fault had been previously determined and therefore could not be relitigated. She also reconvened for alimony. On December 18, 1972, a judgment of divorce was rendered in favor of the petitioner, John A. Fulmer, III. A stipulation was entered into the record (with the agreement of the court) whereby the right of the wife to prove her right to alimony would not be taken up at the time of the divorce but continued to a later date. On January 25, 1973, on the merits of the reconventional demand for alimony filed by Anna B. Fulmer, the trial judge refused to permit introduction of evidence to show fault on the part of the defendant, because fault had already been determined by the court in the separation proceedings.
Two issues are presented for our consideration:
1. Whether or not fault can be relitigated in a subsequent proceeding to deprive a wife of alimony after divorce.
2. Whether or not the trial judge has the discretion at the trial of the divorce proceedings or any subsequent hearings to continue alimony pendente lite without new evidence as to the needs of the wife and the ability of the husband to pay.
This court considered the issue as to whether fault can be relitigated in a subsequent proceeding in Richardson v. Richardson, 275 So.2d 845 (La.App. 4th Cir. 1973). In Richardson a default judgment of separation was granted to the husband based upon the habitual intemperance of his wife. Subsequently, the husband obtained a default judgment of divorce based on a continuous separation between the parties for *400 more than a year since the date of the judicial separation without a reconciliation having been effected. The court awarded the divorced wife $450.00 per month alimony. The husband filed a motion to revoke alimony on the grounds that there was no showing that the wife was free from fault. The court revoked the order to pay the alimony and the wife thereafter ruled the husband into court seeking reinstatement of the alimony award. The matter was heard on exceptions of no cause of action and no right of action. The judge maintained the exception on the basis that the question of fault was litigated in the revocation proceedings at which time the wife was determined to be at fault. Accordingly, the judged reasoned, the wife cannot, by subsequent motion for alimony, reopen this question.
This court is of the opinion that the Richardson case is dispositive of the issue, that is, fault once established cannot be relitigated. Therefore the trial court was correct in refusing to accept evidence as to the question of fault of Mrs. Anna B. Fulmer.
Now addressing ourselves to the question as to whether or not the judge can continue alimony pendente lite without new evidence upon the trial of divorce proceeding or in any subsequent proceedings, we derive from the codal provisions and the jurisprudence the distinction between alimony prior to divorce and alimony after divorce.
This court held in Wittenberg v. Wittenberg, 278 So.2d 921 (La.App. 4th Cir. 1973) that:
". . . (A)limony being paid under Article 160 is a type of pension or gratuity owed by the former husband to his former wife who has not sufficient means for her own support, the amount of which is fixed on a determination of the amount of the former wife's need for the basic necessities of life, viz: food, clothing and shelter.
"This is to be distinguished from alimony due under C.C. Arts. 120 and 148 which requires a balancing of the needs of the wife with the means of the husband to maintain the wife in circumstances similar to those with which she has been accustomed. See Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950)."
Since alimony after divorce is different from alimony prior to divorce in the allowable amounts and the amount required under Article 160, we must hold that the wife bears the burden and must prove her needs for post divorce alimony. Evidence must be submitted setting forth her need and the ability of the husband to pay.
Accordingly, for the reasons set forth above, the judgment of the district court is affirmed to the extent that the fault established on the trial of the separation matter precludes relitigating that particular issue upon the filing of the suit for final divorce. However, since the wife did not submit evidence to establish that she does not possess sufficient means and since the ability of the husband to pay alimony following final divorce has not been inquired into, this case is remanded to the lower court for further proceedings not inconsistent with the views herein expressed and as directed by law.
Remanded.