288 So.2d 401 (1974)
In re Interdiction of Anastasia P. WILLIAMS.
No. 5961.
Court of Appeal of Louisiana, Fourth Circuit.
January 8, 1974.
Rehearing Denied February 6, 1974.
Writ Refused April 5, 1974.
Uddo & Gertler, M. H. Gertler, New Orleans, for defendant-appellant.
Jesse S. Guillot, New Orleans, for plaintiff-appellee.
Before SAMUEL and GULOTTA, JJ., and MARCEL, J. Pro Tem.
GULOTTA, Judge.
This is an appeal by a defendant husband from a judgment condemning him to pay alimony in the sum of $79.00 per month to his divorced wife. We affirm.
Henderson Williams was married to Anastasia P. Williams on May 31, 1945. On October 18, 1948, Mrs. Williams obtained a judicial separation in the Civil District Court on the grounds of cruelty. The husband was granted a divorce on January 28, 1958 in the Chancery Court for the State of Mississippi on the grounds of desertion.
Subsequently, Mrs. Williams was admitted to the East Louisiana State Hospital at Jackson, Louisiana, in 1959 and was readmitted in April of 1969 where she stayed until her release on November 17, 1972. Emelda Phillips, the wife's sister, was appointed curatrix upon the interdiction of Mrs. Williams on April 20, 1971. Thereafter, the curatrix filed a petition, on behalf of the interdict, seeking alimony. After a hearing on the alimony rule, in which the trial judge concluded the interdict was free from fault, he awarded her the sum of $79.00 per month.
Defendant, in seeking to be relieved of the payment of alimony, questions that the curatrix is the proper party to assert an alimony claim for the interdict. He argues that this is a personal right of action of the wife, and the curatrix has no standing to assert this claim. Defendant further *402 argues that his divorced wife has no right to alimony because a divorce decree was obtained by him in Mississippi based on the wife's desertion. According to defendant, the question of fault has been litigated by the Mississippi court. Defendant insists the Mississippi decree is based on the wife's fault; therefore, she cannot now seek alimony in Louisiana based on her freedom from fault.[1]
Defendant further calls to our attention that the Louisiana courts must give full faith and credit to the judicial decree of a sister state.[2] Accordingly, defendant argues that the trial judge erred when he heard evidence from which he concluded the wife was free from fault resulting in the alimony award. Defendant's thrust in this respect is twofold. First, he complains the Louisiana court had no right to consider the question of fault. Secondly, if the court does have that right, it erred in concluding that the wife was free from fault.
Plaintiff, on the other hand, suggests that the question of fault was determined when the court awarded Anastasia Williams a judgment of separation based on the husband's cruelty. They rely on Richardson v. Richardson, 275 So.2d 845 (La. App. 4th Cir. 1973), a recent decision of this court, in which we held the question of fault was litigated when the husband obtained a separation from bed and board on the grounds of habitual intemperance and cruelty, and the issue of fault could not later be relitigated.
At the outset, we find no merit in defendant's contention that the curatrix is not the proper party to assert an alimony claim on behalf of the interdict. LSA-C. C.P. art. 684 clearly confers that right on the curatrix.[3]
We now turn to the curatrix's argument that the judgment of separation in favor of Mrs. Williams based on the husband's cruelty has laid at rest the question of fault which cannot be relitigated. While it is true that Richardson v. Richardson, supra, and Fulmer v. Fulmer, 288 So.2d 398 (La.App. 4th Cir. 1974)[4] support plaintiff's contention, the instant case is complicated by a subsequent divorce in Mississippi based on the wife's desertion. No attack has been made on the validity of the Mississippi decree. We are, therefore, confronted with a separation decree in Louisiana where wife obtains judgment in her favor based on husband's cruelty and a subsequent Mississippi divorce decree based on the wife's desertion. It is significant that the alimony sought herein is incidental to the Mississippi divorce decree. While, ordinarily, when a decree is granted in Louisiana based on a judicial separation in favor of the wife together with the parties living separate and apart for the stipulated time required for obtaining a divorce, as in *403 Richardson and Fulmer, the issue of fault has been laid at rest in the separation proceeding. However, an intervening judgment of divorce in Mississippi based on the wife's desertion places a different complexion on the wife's freedom from fault. The Mississippi court, in effect, found the husband had just cause for a divorce. Ordinarily, a wife's desertion without cause in Louisiana would constitute sufficient fault to deprive the wife of alimony. However, in the instant case, we are confronted with the effect the divorce decree in Mississippi has on the question of fault in Louisiana.
The remaining question, then, is whether the divorced wife is denied the right to obtain alimony in a Louisiana court when a divorce is granted in favor of the husband in Mississippi based on desertion by the wife.
A discussion of this issue requires consideration of the pertinent Mississippi statutes and jurisprudence on the effect in Mississippi that a divorce decree based on the wife's desertion has on her right to alimony.
The applicable Mississippi statute is Section 2743, Code 1942, which reads as follows:
"When a divorce shall be decreed from the bonds of matrimony the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching * * * the maintenance and alimony of the wife, or any allowance to be made to her."[5]
In Winkler v. Winkler, 104 Miss. 1, 61 So. 1 (1913), the Supreme Court of Mississippi concluded that the trial judge had not abused his discretion by allowing the wife a judgment of alimony even though the husband had obtained the divorce on the grounds of desertion.
In Yelverton v. Yelverton, 200 Miss. 569, 28 So.2d 176 (In Banc, 1946) the court found the rule of Winkler to be applicable.
The Supreme Court of Mississippi further followed this rule in yet another desertion case when in Carraway v. Carraway, 212 Miss. 857, 56 So.2d 41 (1952) it said:
"In those cases it was held that the language of the statute was sufficiently broad by implication to authorize the chancery court to grant alimony to a wife from whom her husband obtains a divorce where the particular circumstances justify it, such as where the wife was not entirely to blame but the husband was partially in fault, and where the wife is without any estate or means of support."
It would appear from the Mississippi statutory law and jurisprudence as reflected by Winkler, Yelverton and Carraway that merely because a divorce is granted to the husband based on the wife's desertion, it does not necessarily deprive her of the right to seek alimony. Apparently, the question of the extent of blame and fault is to be weighed by the court in Mississippi. Presumably, then, the extent of the wife's fault or freedom from fault could be litigated in Mississippi in that instance if alimony were sought in that state. Significantly, in the instant case, the Mississippi divorce decree is silent on alimony.
Applying, then, the full faith and credit provision of the United States Constitution, it reasonably follows that no greater effect can be given in the Louisiana courts to a Mississippi decree than is given in Mississippi. Since the question of fault *404 and extent of blame can be litigated in Mississippi before the wife may or may not be entitled to alimony, the same right must be afforded to the parties in Louisiana.
In Gay v. Gay, 203 So.2d 379 (La.App. 3rd Cir. 1967), the wife brought a suit in Louisiana for divorce on the ground of two years' voluntary separation. The husband filed exception of res judicata on the ground that parties had already been divorced by prior judgment rendered in Florida. At the hearing on the exception, plaintiff sought to introduce evidence to attack jurisdiction in Florida based on lack of domicile in Florida. The trial judge concluded in maintaining the exception of res judicata that the collateral attack could not be made in Louisiana. In reversing and overruling the exception, the Court of Appeal (3rd Circuit) citing Boudreaux v. Welch, 249 La. 983, 192 So.2d 356 (1966), stated:
"* * * that a collateral attack in the courts of Louisiana on a judgment of divorce rendered in another state is not absolutely forbidden. A collateral attack may be entertained here if the rendering state would permit such an attack."
See also Liebendorfer v. Gayle, 217 So. 2d 37 (La.App. 3rd Cir. 1968).
The Louisiana trial court, therefore, has the right, then, to hear and consider the question of the wife's freedom from fault.
We are next faced with the question whether the evidence supports the factual conclusion of the trial judge that the interdict is free from fault and, as such, entitled to alimony. LSA-C.C. art. 160. The trial judge properly conducted a hearing on the question of the wife's freedom from fault. While the defendant husband unsuccessfully attempted to show a reconciliation between himself and his wife subsequent to the 1948 separation decree (but prior to the Mississippi decree), the only evidence pertaining to fault was that relating to cruel treatment inflicted on the wife by the defendant. The husband offered no evidence on the wife's fault. Accordingly, we fail to find error in the court's conclusion finding wife free from fault in causing the separation and ultimate divorce. The judgment is affirmed.
Affirmed.
NOTES
[1] LSA-C.C. art. 160 reads:

"When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
"1. The wife obtains a divorce;
"2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
"3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
"This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries."
[2] The applicable constitutional provision is Article IV, Section 1, which states:

"Full Faith and Credit shall be given in each State to the public Acts, Records and judicial Proceedings of every other State. * * *"
[3] LSA-C.C.P. art. 684 reads as follows:

"A mental incompetent does not have the procedural capacity to sue.
"Except as otherwise provided in Articles 4431, 4554, and 4557, the curator is the proper plaintiff to sue to enforce a right of an interdict."
[4] We anticipate that this case will be handed down on the date we hand this opinion down.
[5] This section was originally enacted as Section 1673, Code 1906. It was later re-enacted as Section 1421, Code 1930 and in precisely the same words has now become Section 2743, Code 1942.