295 So.2d 52 (1974)
Mrs. Caroline Wayne FREDERIC
v.
Norman FREDERIC.
No. 5749.
Court of Appeal of Louisiana, Fourth Circuit.
May 14, 1974.
Rehearing Denied May 23, 1974.
Application Denied May 24, 1974.
Writ Granted July 1, 1974.
Reuter & Reuter, J. Richard Reuter, Jr., New Orleans, for defendant-appellant.
*53 Tucker & Schonekas, Russell J. Schonekas and Charles A. O'Niell, Jr., New Orleans, for plaintiff-appellee.
Before LEMMON, J., and FEDOROFF and GAUTHIER, JJ. Pro Tem.
GERALD P. FEDOROFF, Judge Pro Tem.
The sole issue in this appeal is whether the wife is entitled to alimony after divorce under C.C. art. 160.
Earlier in these proceedings Mrs. Norman Frederic had obtained, on the grounds of abandonment, a default judgment of separation, which provided for alimony pendente lite.
Thereafter, Mr. Frederic availed himself of R.S. 9:302 and filed a petition for divorce. His wife reconvened for Article 160 alimony and other relief. The divorce judgment in favor of Mr. Frederic also awarded alimony to the wife.
In this court Mr. Frederic contests the alimony award on two bases, need and fault.
As to need, Mr. Frederic argues that his former wife's undivided interest in the community estate exceeded $100,000.00. The estate consisted of real estate, household furniture and vehicles, having a net equity of approximately $50,000.00, and stock in four closely held corporations, in which Mr. Frederic was the moving force. In 1970 the book value of the stock was about $195,000.00. None of these assets, however, produced income available to Mrs. Frederic.
In Wagner v. Wagner, 248 So.2d 96 (La.App. 4th Cir. 1971) this court observed:
"There was testimony that Mrs. Wagner's half of the community would be a substantial amount, perhaps as much as $50,000.00. However, to this date there has been no property settlement and her present means cannot be measured by what she may come to own some time in the future. When and if there is a property settlement, Mr. Wagner would then, of course, be free to bring a rule to terminate any alimony that he might have been paying to Mrs. Wagner. For the present circumstances, we cannot include Mrs. Wagner's future interest in the community property of the marriage."
Although Mrs. Frederic is now an owner in indivision of the community estate and can provoke a partition of the community, this has not yet been accomplished. Until the estate is partitioned and Mrs. Frederic is placed in possession of liquid, liquidable or income-producing property, she has no practical "means for her support" and is entitled in that respect to Article 160 alimony.
As to fault, the burden of proving entitlement to Article 160 alimony is on the wife. In this case neither party introduced any evidence whatsoever on the issue of fault, although the record contains Mrs. Frederic's default judgment of separation based on fault.
The pivotal issue, therefore, is whether a wife's default judgment of separation grounded on abandonment is sufficient to support an Article 160 alimony award when her husband obtained the divorce pursuant to R.S. 9:302 and the wife introduced no further evidence of her freedom from fault.
Article 160 was amended in 1964 to clearly entitle the wife who "has not been at fault" to alimony after divorce when the husband obtains the divorce pursuant to R.S. 9:302.[1]
*54 Several intermediate appellate decisions have previously considered the effect that a separation judgment based on fault has on the determination of freedom from fault for Article 160 alimony, and have reached varying results.
In Gamino v. Gamino, 199 So.2d 202 (La.App. 4th Cir. 1967) the wife obtained a default judgment of separation based on abandonment. This court held that the judgment was not res judicata as to the issue of freedom from fault in the subsequent divorce proceedings, especially when neither fault nor alimony was an issue in the separation suit. The court cited Lloveras v. Reichert, 197 La. 49, 200 So. 817 (1941), which held that a wife's separation judgment based on cruel treatment did not foreclose inquiry into the wife's freedom from fault at the time of the divorce, since "neither the cause of action nor the object of the demand in the present suit is identical with the cause of action and the object demanded in the former suit."
In Davidson v. Jenkins, 216 So.2d 682 (La.App. 3rd Cir. 1968) the wife obtained a default judgment of separation grounded on abandonment. In the subsequent divorce action, under R.S. 9:302, the husband was allowed over an objection to present evidence as to the wife's fault; the wife relied on the separation judgment and did not introduce contradictory evidence. The court held that the wife had not met her burden of proving freedom from fault.
These cases followed the reasoning expressed in dicta in Randle v. Gallagher, 169 So.2d 224 (La.App. 4th Cir. 1964) that the "wife may be awarded a judgment of separation and still be guilty of fault."[2]
However, in Rayborn v. Rayborn, 246 So.2d 400 (La.App. 1st Cir. 1971) the First Circuit disagreed in dicta with the Gamino and Davidson decisions. In Rayborn the wife sued for separation based on cruelty and obtained a judgment when the husband offered no contradictory evidence. After the divorce the wife sought alimony, and the trial judge refused to allow evidence by the husband as to the wife's fault. The First Circuit ordered that the husband be allowed to introduce the evidence, because the wife's fault had not been an issue in the separation suit and a determination of her freedom from fault had not been necessary for her right to alimony pendente lite. The court then went on to observe that when a wife obtains the separation judgment grounded on abandonment (as in Gamino and Davidson), she necessarily proves as an element of her cause of action that the husband withdrew from the matrimonial domicle "without a lawful cause." C.C. art. 143. The court therefore reasoned that the wife's fault is at issue in such a proceeding and that judicial estoppel precludes reopening that issue if Article 160 alimony is sought upon divorce.
In Fulmer v. Fulmer, 288 So.2d 398 (La.App. 4th Cir. 1974), another panel of this court upheld a trial judge's refusal to allow evidence on the issue of the wife's freedom from fault, when the husband offered such evidence in a proceeding for alimony *55 after divorce. The wife had obtained a contested separation judgment grounded on abandonment, and this court held that fault once established cannot be relitigated. The Supreme Court has granted a writ of certiorari. 290 So.2d 907.
We prefer to follow the Gamino and Davidson cases on the basis of policy as well as the court's denial of the applicability of res judicata. As pointed out in those cases, res judicata is technically inapplicable to the separation and divorce actions. Furthermore, since judicial estoppel allows, and probably requires, a balancing of the competing considerations, a default judgment convicting the husband of abandonment should not preclude his defending a subsequent claim for Article 160 alimony by asserting his wife was not free from fault. To give such effect to a default judgment of separation would require a husband (who possibly desires the legal separation as much as the wife and who must pay alimony pendente lite in any event) to defend a separation suit simply to avoid a claim which cannot then be asserted and indeed may never be.[3]
From a policy standpoint, requiring a husband to litigate his wife's freedom from fault at the separation level also requires the court to adjudicate what in reality may be a remote problem. And if the husband's proof persuades the court that the wife was at fault, the wife's separation suit must be dismissed and the wife left without even alimony pendente lite.[4] Additionally, such needless and bitter litigation jeopardizes any chance for eventual reconciliation.
We therefore hold that, while Mr. Frederic could have offered proof on the issue of the wife's freedom from fault, the default judgment of separation [which carries the "implication" of her freedom from fault, August v. Blache, 200 La. 1029, 9 So.2d 402 (1942)] constitutes a prima facie showing of her freedom from fault and is sufficient, in the absence of contradictory evidence, to entitle her to Article 160 alimony.
The judgment is affirmed.
RICHARD H. GAUTHIER, J. pro tem., concurs and assigns written reasons.
RICHARD H. GAUTHIER, J. Pro Tem. (concurring).
I respectfully concur, subscribing to the views assigned in Fulmer v. Fulmer, 288 So.2d 398 (La.App. 4th Cir. 1974).
NOTES
[1] Article 160 now reads:

"When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries."
[2] The converse of this reasoningthat a separation judgment in favor of the husband based on the wife's fault would preclude her from obtaining alimony upon the divorcewas stated in dicta in Gallagher v. Gallagher, 174 So.2d 262 (La.App.2nd Cir. 1965), and as a holding of the Third and Fourth Circuits respectively in Broussard v. Broussard, 275 So.2d 410 (La.App.3rd Cir. 1973), based on judicial estoppel, and in Richardson v. Richardson, 275 So.2d 845 (La.App.4th Cir. 1973), which held that wife's fault, at issue before the court which granted the default separation judgment, could not be relitigated in the divorce proceedings.
[3] The right to Article 160 alimony cannot be put at issue until time of divorce. At that time post-separation fault could defeat the wife's claim for alimony.
[4] The legislature could partially alleviate this problem, as to separation suits filed primarily to collect alimony pendente lite, perhaps by providing the right to sue for support without the necessity of filing a separation or divorce suit. Then, if the amount of support can be set by consent, the courts need not be injected into the family relationship unless and until a party has grounds for the final dissolution of the marriage.