355 So.2d 672 (1978)
Barbara Evans BOND
v.
Tommy BOND.
No. 50099.
Supreme Court of Mississippi.
March 1, 1978.
*673 Rex K. Jones, Hattiesburg, for appellant.
Holmes & Dukes, James K. Dukes, Alfred B. Jernigan, Jr., Hattiesburg, for appellee.
Before SMITH, ROBERTSON and LEE, JJ.
LEE, Justice, for the Court:
Barbara Evans Bond filed suit in the Chancery Court of Lamar County against Thomas Sheppard Bond seeking a divorce on the ground of habitual cruel and inhuman treatment, custody of and support for the two children of the parties, adjudication of property rights, and alimony. Bond denied the allegations of the bill of complaint and filed a cross-bill seeking a divorce on the ground of habitual cruel and inhuman treatment and custody of the children. The allegations of the cross-bill were denied by Mrs. Bond. The court entered a decree dismissing the bill of complaint, except as to alimony, granting Bond a divorce, placing custody of the children in the paternal grandparents, and awarding certain alimony to Mrs. Bond, from which decree she appeals. There is no cross-appeal.
Appellant assigns and argues the following errors in the trial of the case:
(1) The court erred in granting a divorce to appellee and in not granting a divorce to appellant.
(2) The court erred in not adjudicating property rights of appellant in jointly-owned property of the parties.
(3) The court erred in holding that neither parent was suitable to have care and custody of the children at that time and in granting custody to the paternal grandparents.
(4) The court erred in declining to award permanent alimony to appellant.

I.

Did the court err in granting a divorce to appellee and in not granting a divorce to appellant?
The testimony on behalf of the parties was directly contradictory. It consisted of lewd conduct by the parties which was admitted by them, but each contended the other party was responsible. Other misconduct of both parties is indicated in the record. No useful purpose would be served by detailing the evidence, but, suffice it to say, the testimony introduced by either party would sustain the charge against the other party, if believed by the chancellor.
The trial judge accepted the evidence introduced by appellee on the issue of divorce, and we are unable to say that he was manifestly wrong in granting a divorce to him. Fayard v. Fayard, 293 So.2d 421 (Miss. 1974); Dubois v. Dubois, 275 So.2d 100 (Miss. 1973); Brent v. Cox, 246 So.2d 552 (Miss. 1971). Therefore, the decree is affirmed as to same.

II.

Did the court err in failing to adjudicate property rights in appellant?
The bill of complaint charged that appellee held joint property of the parties and that the court should adjudicate appellant was vested with property rights in same, and should require a property settlement. However, there is no proof in the record that appellee acquired land, cattle or business through the joint funds or joint efforts of the parties, and there is no proof that appellant had legal title to any such property. Although the court did not specifically decree appellant had no interest in the property of appellee, the effect of the decree so held. Courts are without power to order one spouse to divest himself or herself of property for the benefit of the other spouse. Bridges v. Bridges, 330 So.2d 260 (Miss. 1976); Hudson v. Hudson, 284 So.2d 299 (Miss. 1973); McCraney v. McCraney, 208 Miss. 105, 43 So.2d 872 (1950). Consequently, this assignment is without merit.

*674 III.

Did the court err in holding that neither parent was suitable to have care and custody of the children at that time and in granting custody to the paternal grandparents?
After the bill of complaint was filed, the trial court entered a decree on June 9, 1976, granting temporary custody of the minor children [a girl age fourteen (14) and a boy age ten (10)] to appellant, together with support for her and the children pending the final hearing. At trial, appellant admitted that she left the home of the parties to reside in an apartment to be paid for by appellee and that she had agreed to relinquish custody of the children to him. The court found that neither party was suitable to have the care, custody and control of the minor children "at the present time" and ordered their custody to the paternal grandparents. Liberal and reasonable visitation rights were awarded to both parents. No provision was made for the support of the children.
In Mahaffey v. Mahaffey, 176 Miss. 733, 170 So. 289 (1936), the Court said:
"It is the strong policy of the law that children shall remain in the custody of their parents, or one of them, unless they are both clearly unfit; but unfitness may be found in such a want of willingness or ability to control and discipline the child as that the child or children are obviously in serious danger of becoming immoral or otherwise delinquent to the extent of being, in the future, unacceptable members of the adult citizenship of the state." (Emphasis added) 176 Miss. at 740, 170 So. at 292.
The Court stated in Moody v. Moody, 211 So.2d 842 (Miss. 1968), citing Mahaffey v. Mahaffey, supra, that the chancellor may award child custody to some person who is not a party to the divorce suit where it is shown that both parents are unfit to have custody of the child. In the present case, neither parent was adjudicated to be unfit to have custody of the children. We reverse and remand the case to the trial court for the purpose of determining the present fitness of the parents and custody of the children and for the purpose of fixing a reasonable support for said children to be paid by appellee.

IV.

Did the trial court err in failing to award permanent alimony to appellant and in awarding temporary alimony for a period of two (2) years?
Mrs. Bond was thirty-four (34) years old at the time of the trial. She married appellee January 5, 1961, and, as stated, they have two children, Vivian Evelyn Bond, age 14, and Thomas Sheppard Bond, age 10 (at time of trial). Prior to their separation in April, 1976, they lived together continually as husband and wife and, from the time of their marriage when Bond was a student at Mississippi State College until their first child was born, Mrs. Bond worked and helped with the family income. After the first child was born, she devoted all her time to the children and family.
The Bonds lived in a comfortable home comprising about four thousand (4,000) square feet, centrally heated and air-conditioned with three (3) large bedrooms, a den and outside patio. The home is located in the country and they have lived in it since the daughter was two and one-half (2 1/2) years old. Although the proof is not specific, the record indicates that appellee is a substantial landowner. He is engaged in two or more businesses, and has a gross income of fifteen hundred dollars ($1,500) to in excess of two thousand dollars ($2,000) per month. Mrs. Bond has no income, and, according to the record, she is qualified to earn income only as a beautician, in which profession she has not engaged since the birth of her daughter. She does not have property or funds with which to support herself.
Temporary alimony is not awarded on a final decree. The chancellor may have considered the twenty-four (24) monthly payments of six hundred fifty dollars ($650.00) each [aggregating fifteen thousand six hundred dollars ($15,600)] as *675 lump-sum alimony payable in installments, but the decree does not so indicate. In Gatlin v. Gatlin, 248 Miss. 868, 161 So.2d 782 (1964), this Court held that the chancellor erred in failing to retain jurisdiction to permit reconsideration of the alimony question where custody of minor children was granted to the husband, a person of substantial means, and who was required to pay only two hundred dollars ($200) per month alimony for a period of eighteen (18) months. There, the Court cited Winkler v. Winkler, 104 Miss. 1, 61 So. 1 (1913), which set forth:
"[I]t may not be just, if her husband is comparatively rich or capable of earning money, and she is poor or weak, that she should be turned out into the world without any means of livelihood but her own exertions." 104 Miss. at 6, 61 So. at 2.
The case is reversed and remanded to the trial court for determination of the parties' present financial status and for determination of permanent alimony at the expiration of the 24-month period.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER and BOWLING, JJ., concur.
BROOM, J., took no part.